U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 3 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROY DON JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:02-CV-0158 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner ROY DON JONES has filed with this Court a Petition for a Writ of Habeas

Corpus by a Person in State Custody challenging his conviction out of the 251st Judicial District

Court of Randall County, Texas, for the felony offense of robbery.  For the reasons hereinafter

expressed, the United States Magistrate Judge is of the opinion petitioner's application for

federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On September 21, 1999, in Cause No. 12,511-C, styled *The State of Texas vs. Roy Don*

*Jones*, petitioner was convicted of the felony offense of robbery and was sentenced to 80 (eighty)

years imprisonment in the Texas Department of Criminal Justice, Institutional Division and

---

[1]Douglas Dretke was appointed as Director of the Texas Department of Criminal Justice, Institutional Division on
August 1, 2003, succeeding Janie Cockrell.

assessed a Ten Thousand dollar ($10,000.00) fine. (Clerk's Record (hereinafter CR) 33, 42).

Petitioner appealed his conviction to the Court of Appeals for the Seventh District of Texas who affirmed petitioner's conviction in an unpublished opinion on November 21, 2000. *Jones v. State*, No. 07-99-0463-CR (Tex.App. – Amarillo 2000, no pet). Petitioner did not file a petition for discretionary review.

On November 27, 2001, petitioner filed a state application for a writ of habeas corpus challenging the instant conviction. *Ex parte Jones*, No. 51,012-02 at 1. On May 15, 2002, the Texas Court of Criminal Appeals denied petitioner's application without written order. *Id.* at cover. On May 28, 2002, petitioner filed the instant application for federal habeas relief in this Court.[2]

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1.   Petitioner's conviction was obtained by the use of illegally seized evidence;

2.   Petitioner's conviction was obtained through prosecutorial misconduct;

3.   Petitioner's conviction was obtained through the use of unconstitutional in-court and out-of-court identifications; and

4.   Petitioner was denied effective assistance of counsel because counsel:
    a.   failed to challenge the legality of his arrest;
    b.   failed to file a motion to suppress; and
    c.   failed to obtain jury instructions on the illegally obtained evidence *i.e.* pursuant to unlawful arrest.

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.")

III.

## EXHAUSTION AND PROCEDURAL BAR

Respondent contends petitioner is procedurally barred from obtaining consideration

and/or relief under his ground 2 because he failed to exhaust his state court remedies with respect

to this issue specifically, petitioner failed to present this issue in his state habeas writ application.

Review of the state court records appear to support respondent's contention. Petitioner did not

raise such claim independently, but he alluded to it in his ineffective assistance of counsel

argument. *See Ex Parte Jones*, No. 51,012-02 at 6, 10. This Court may, however, deny relief on

an unexhausted claim. Since petitioner is not entitled to relief on the claim in Ground 2, it is the

opinion of the undersigned that petitioner's habeas application not be dismissed due to any

failure to exhaust state court remedies.


IV.

## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the

AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138

L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently,

petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits

in the state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed

to be correct and such presumption can only be rebutted by clear and convincing evidence

presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner has filed one (1) state habeas application in the Texas Court of Criminals

Appeals relating to Cause No. 12,511-C. The Court of Criminal appeals denied *Ex parte Jones*,

App. No. 51,012-02 on May 15, 2002, without written order. The ruling of the Texas Court of

Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on

the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

## V.
## MERITS OF PETITIONER'S ALLEGATIONS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally

unfair that the petitioner's constitutional rights were violated. In determining whether an error

was so extreme or a trial so fundamentally unfair, this Court must review the putative error at

issue, looking at the totality of the circumstances surrounding the error for a violation of the

petitioner's constitutional rights. Based upon a review of the state court records the pleadings of

record with this Court, it is the opinion of the Magistrate Judge that petitioner has failed to show

he is being unlawfully detained in violation of the Constitution and laws of the United States.

## A.
## Legality of Arrest

Petitioner initially claims his arrest, effected on March 20, 1999 at approximately 2:30

a.m. was unlawful because there was no outstanding warrant for petitioner's arrest, there was no

warrant or "want' on the automobile he was driving, and he was stopped by a police officer who

had no probable cause or reasonable suspicion to do so. The facts provided by petitioner are not

accurate. The state court record reflects the vehicle petitioner was driving had been reported

stolen, and that was the basis of the traffic stop. During the traffic stop, petitioner exited the

vehicle and unsuccessfully attempted to run from the police. At trial, the Judge allowed

testimony from the arresting officer about the traffic stop and subsequent arrest of petitioner.

(Reporter's Record (hereinafter R.R.), Vol. 3 at 84-89).[3]

Even if the traffic stop and arrest of petitioner were questionable, the United States

Supreme Court has significantly narrowed the scope of federal habeas review of Fourth

Amendment claims based on principles of comity and respect for the finality of state court

judgments. In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the

Supreme Court stated:

> [W]here the State has provided an opportunity for full and fair litigation of a
> Fourth Amendment claim, a state prisoner may not be granted federal habeas
> corpus relief on the ground that evidence obtained in an unconstitutional search or
> seizure was introduced at his trial.

*Id.*, 428 U.S. at 494, 96 S.Ct. at 3052. The bar to federal habeas relief set forth in *Stone v. Powell*

applies even if the petitioner has failed to avail himself of the state court processes in place to

challenge an unlawful search and seizure. (*See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir.

2002), "This court has since interpreted an 'opportunity for full and fair litigation' to mean just

that: 'an opportunity.' *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). 'If a state

provides the processes whereby a defendant can obtain full and fair litigation of a fourth

amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether

or not the defendant employs those processes.").

---

[3]The same officer testified at another trial of petitioner, in Potter County, Texas, but was not allowed, due to a motion
in limine filed by the defense, to elaborate on the circumstances of petitioner's stop and arrest.

Petitioner had ample opportunity to raise a Fourth Amendment claim at trial, during his direct appeal and by way of a petition for discretionary review. Moreover, petitioner raised the issue with the Texas Court of Criminal Appeals in his state habeas application. The undersigned concludes that in this case, the State of Texas clearly provided an opportunity for full and fair litigation of petitioner's Fourth Amendment claim both at the trial and appellate level. This ground alleging a Fourth Amendment violation is barred from federal habeas collateral review by *Stone v. Powell*, and should be denied.

B.
Prosecutorial Misconduct

In his second claim, petitioner complains the prosecution engaged in misconduct because it offered into evidence a jacket that was illegally seized pursuant to an unlawful arrest, and offered the perjured testimony of the arresting officer, Ephram Contreras. Respondent has argued that petitioner's claim that the officer testimony was perjured is procedurally barred due to petitioner's failure to raise such claim in his state habeas application. As stated *supra*, a review of the state court records appear to support respondent's contention. Petitioner did not raise such claim independently, but he alluded to it in his ineffective assistance of counsel argument.

To the extent petitioner has raised a Fourth Amendment violation *i.e.* the alleged unlawful seizure of the jacket, such claim is without merit for the reasons set forth above. To the extent petitioner claims the prosecution offered the testimony of Officer Contreras knowing that such was perjured, such claim is without merit. As discussed in footnote 3, the officer's testimony differed at the Potter County trial from the testimony at the Randall County trial because in the Potter County case, there was a motion in limine granted by the trial court and the

officer was precluded from discussing the facts of the arrest, specifically, that petitioner was

driving a stolen vehicle and attempted to run from police. In the Randall County case, the one

related to the conviction challenged herein, no such motion was applicable and the officer

testified the automobile had been reported stolen, causing him to stop the vehicle. Such differing

testimony was not perjury. Petitioner's claim in this regard must fail.

C.
In-Court and Out-of-Court Identifications

Petitioner next contends the police seized a jacket found in the automobile at the time of

his arrest. Petitioner argues this jacket, alleged to be similar to that worn by the perpetrator of the

crime, caused him to be considered a suspect by the police. At the time of petitioner's arrest,

police took his photograph and later used this photograph in an out-of-court "photo-array"

presented to the victim who positively identified petitioner from the photo spread. The photo

array was again shown to the victim at trial. (R.R., Vol. 3 at 20 - 23). The victim, Gary Allen

Keeler, testified he had previously identified one of the pictures as the person who robbed him.

(R.R., Vol. 3 at 22-23). He testified he did not ever identify anyone else in the other photographs

as being the suspect, and further, the victim identified petitioner, in court, as the perpetrator of

the crime. *Id.* at 12. In fact, the witness stated that, "without a doubt in my mind, that's him."

*Id.* at 18.

Evidence of a pre-trial photo array is inadmissable only if the procedure was so

impermissibly suggestive as to give rise to a very substantial likelihood or irreparable

misidentification. *Simmons V. United States*, 88 S.Ct. 967, 971, 390 U.S.377, 384, 19 L.Ed.2d.

12478 (1968). Petitioner has not argued the photo array was impermissibly suggestive. Instead

petitioner appears to argue that because his arrest was illegal, the taking of his picture pursuant to

such arrest was also illegal, and that such photo could not be used in a photo array and should

have been suppressed. As set forth previously, petitioner's arrest for driving a stolen car was not

illegal. Further, even if the arrest had been questionable, the victim independently identified

petitioner in court and was adamant in that identification. Petitioner has not demonstrated the

victim's identification was based upon any other factor than his observations of petitioner at the

time of the offense. Petitioner's argument fails.

D.
Effectiveness of Counsel

Petitioner's remaining claim that he received ineffective assistance of counsel stems from

his position that the attorney was present at both of petitioner's trials, heard the differing

testimony offered by Officer Contreras, failed to challenge the legality of his arrest, failed to file

a motion to suppress, and failed to request a jury charge based upon such.

The proper standard for judging a petitioner's contention that he is entitled to relief on the

ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v.*

*Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland*

standard, a petitioner must show defense counsel's performance was deficient. This requires

showing that counsel made errors so serious that counsel was not functioning as the "counsel"

guaranteed the defendant by the Sixth Amendment to the United States Constitution.

A petitioner must also show counsel's deficient performance prejudiced the defense. To

establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner

of a fair trial. Specifically, petitioner must show "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different or that the

errors were so serious as to deprive the petitioner of a fair trial with a reliable result." *Id.* at 694.

In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession. Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight. *Id.* at 689. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977 (1993). Further, *Strickland* controls, and petitioner must show counsel's performance was deficient and that such performance prejudiced the defense.

Petitioner's claims of ineffective assistance of counsel relate to a Fourth Amendment violation. "To show prejudice within the meaning of *Strickland* when the alleged deficiency of counsel relates to a Fourth Amendment claim, petitioner must 'prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'" *Prince v. Dretke,* No. 3:01-CV-1360-P, 2003 WL 22862678 at *12 (N.D. Tex. Dec. 3, 2003) citing *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Petitioner has provided no evidence to support his allegation that his arrest was illegal and that the evidence seized pursuant to such arrest should have been suppressed. Instead, his arrest for driving a stolen motor vehicle appears completely valid. Assuming *arguendo* that the jacket taken by police, and the photograph of petitioner obtained at the time of his arrest, were seized pursuant to an unlawful arrest, petitioner's claim

must still fail for he has failed to show prejudice. As discussed *supra*, the victim positively

identified petitioner at trial. Even if the jacket had been suppressed and not introduced at trial,

the victim's identification of petitioner would have led the jury to the same conclusion of guilty.

Petitioner's claim is without merit.


VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

States District Judge that the petition for a writ of habeas corpus filed by petitioner ROY DON

JONES be DENIED.


VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner and to counsel of record for respondent by the most efficient

means available.

IT IS SO RECOMMENDED.

ENTERED this ___*13th*___ day of April 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In
the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing
objections is eleven (11) days from the date of filing as indicated by the file mark on the first
page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the
parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any

objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).